IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| BRITTANY MCLEMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CV No.:_____ |
| v. | ) |
| | ) |
| RAINSVILLE TECHNOLOGY, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW**, the Plaintiff, Brittany McLemore, and files this Complaint for discrimination based on sex, pregnancy, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, *et seq.*, against Defendant Rainsville Technology, Inc. As grounds for his Complaint, Plaintiffs shows this Court the following:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e, *et seq.*

2. Plaintiff has fulfilled all conditions precedent to the brining of this action under Title VII. Plaintiff filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on June 23, 2016. (EEOC Complaint attached as Exhibit 1). Plaintiff received a Notice of Right to Sue from the EEOC on January 10, 2017 (Notice of Right to Sue attached as Exhibit 2), and timely files this lawsuit within 90 days of receipt of said notice.

3. The Defendant is located and/or doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a female individual, who is over the age of 18, and resides at 442 Moses Drive, Henagar, Dekalb County, Alabama 35978. At all times material to this lawsuit, Plaintiff was over the age of 19 years old, and employed by Defendant.

5. Defendant, Rainsville Technology, Inc, is a corporation doing business within this judicial district and division. At all times material to this action, Defendant employed Plaintiff.

## FACTS

6. Plaintiff was employed by Defendant from March 2012 through June 8, 2016, when she was terminated on the basis of her pregnancy.

7. Plaintiff began as a temporary associate for Defendant in March 2012, and became a full-time employee in June 2012.

8. In March 2014, Plaintiff received a promotion to the position of Training Technician, and in September 2015 received another promotion to the position of Team Leader over 2nd shift assembly, manufacturing parts for Honda automobiles.

9. In January 2016, Plaintiff began working as the 3rd shift Team Leader, where she remained until she was terminated as a result of her pregnancy on June 8, 2016.

2

10. Plaintiff learned of her pregnancy on April 22, 2016.

11. Plaintiff notified her supervisor, Neil Johnson, of her pregnancy the week of April 24-30, 2016. Upon notification of her pregnancy, Mr. Johnson told Plaintiff "You better not go on restriction."

12. Plaintiff's first doctor's appointment for her pregnancy was scheduled for May 31, 2016. Following this appointment, on June 1, 2016, Plaintiff requested a pregnancy restriction form for her doctor to complete from Defendant's Human Resources department.

13. Plaintiff had never received a written or verbal disciplinary notice prior to informing her supervisor of her pregnancy.

14. On June 2, 2016, the day following Plaintiff's request for a pregnancy restriction form, Plaintiff received a disciplinary notice for allegedly failing to respond to an email. Two other team leads, in the same position as Plaintiff, did not respond to the email, and were not disciplined for the same incident until June 7, 2016, and June 9, 2016, respectively. Plaintiff was terminated on June 8, 2016.

15. Defendant's delay in disciplining the other two managers for the same event, shows that it used Plaintiff's failure to reply to an email as a pretext to terminate her for her pregnancy.

16. Plaintiff received a second disciplinary notice on June 8, 2016, seven days after requesting a pregnancy restriction form, in which Defendant terminated her.

17. The termination notice consisted of multiple false, misconstrued, and inaccurate complaints from Plaintiff's coworkers and subordinates alleging falsely that

Plaintiff was "rude" and "disrespectful." These allegations are merely a pretext by Defendant for termination Plaintiff because of her pregnancy.

18. Additionally, the notice alleged that Plaintiff was terminated because of a 23% turnover of associates on the shift which Plaintiff supervised. However, this too is a pretext for terminating Plaintiff because of her pregnancy, as Plaintiff was praised by her supervisor, Neil Johnson, in a March 2016 work review in which he stated "I feel like your compassion is what keeps turnover low on 3rd shift."

19. The turnover on Plaintiff's shift was not significantly higher than turnover on 1st or 2nd shifts, and Plaintiff received praise from her supervisor because of the low turnover on her shift. Defendant used the turnover on Plaintiff's shift as a pretext for terminating Plaintiff because of her pregnancy.

## COUNT I

20. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

21. Defendant discriminated against Plaintiff and terminated her on the basis of her pregnancy in violation of Title VII of the Civil Rights Act as amended by the Pregnancy Discrimination Act. 42 USCS § 2000e *et seq*.

22. Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an

amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT 2

23. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

24. Defendant further discriminated against Plaintiff on the basis of her sex in violation of Title VII of the Civil Rights Act. 42 USCS § 2000e *et seq.*

25. Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT 3

26. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

27. Defendant further discriminated against Plaintiff by retaliating against her for requesting a pregnancy restriction form, in violation of Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act. 42 USCS § 2000e *et seq.*

28. Defendant's actions directly and proximately caused Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

Respectfully submitted,

/s/ J. Zach Higgs, Jr.
J. Zach Higgs, Jr.
Attorney for the Plaintiff
Higgs & Emerson
405 Franklin St.
Huntsville, AL 35801
(256)533-3251(phone)
(256)533-3265(fax)
higgs@higgsandemerson.com
mfrady@higgsandemerson.com

/s/ D. Brice Johnson
D. Brice Johnson
Attorney for the Plaintiff
Higgs & Emerson
405 Franklin St.
(256)533-3251(phone)
(256)533-3265(fax)
bjohnson@higgsandemerson.com

Copy served upon:

Rainsville Technology, Inc.
c/o W. Lee Thuston, Registered Agent
420 N. 20th St.
Suite 3100
Birmingham, AL  35203


PLAINTIFF'S EXHIBIT 1

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA ☒ EEOC | 420-2016-02719 |

_____ and EEOC

State or local Agency, if any

**Name (Indicate Mr., Ms., Mrs.)** Ms. Brittany McLemore
**Home Phone (Incl. Area Code)** (256) 605-2817
**Date of Birth** 7/4/1990

**Street Address** 442 Moses Drive Henagar, AL 35978

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

**Name** Rainsville Technology Inc.
**No. Employees, Members**
**Phone No. (Incl. Area Code)** (256) 638-9760

**Street Address** 189 Rti Drive Rainsville, AL 35986

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: April 24, 2016
Latest: June 8, 2016

☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I have been working for Rainsville Technology Inc. for four years. In March 2012, I started as a temporary associate then became full time in June 2012. Two years later I became a training tech. As of August 2015 I worked as a team leader manufacturing parts for Honda automobiles.

On April 22, 2016, I learned I was pregnant. I notified my supervisor, Neil Johnson, the week of April 24-30, 2016. He told me "You better not go on restriction."

May 31, 2016 I had my first doctor's appointment. Following that appointment, on June 1, 2016, I asked Human Resources (HR) for a pregnancy restriction form for my doctor to complete. The next day, June 2, 2016, I received a Disciplinary Action Notice for not responding to an email. Jacob Guthrie, Plant Manager and Neil Johnson's boss, told me in a meeting that I was not the only person who did not respond. He stated that only one team leader out of four responded; however, I was the only one disciplined for not doing so. I had never been written up prior to this date nor given a verbal counsel.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: June 23, 2016
Charging Party Signature: Brittany McLemore

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☐ EEOC | and EEOC |

State or local Agency, if any

**THE PARTICULARS ARE** (if additional paper is needed, attach extra sheet(s)):

I received a second and Disciplinary Action Notice on June 8, 2016, seven days after I asked for a restriction form. The form stated that I was terminated for complaints and the turnover on my shift which was around 23% the month prior. Prior to receiving the notice, I had never been counseled regarding the alleged complaints. Further, the 1st shift team leader had multiple complaints from team members, and the 2nd shift team leader had a high turnover rate; however, neither one of those individuals was terminated. Finally, the complaint against me referenced in the Disciplinary Action Notice was inaccurate and taken out of context. I was not asked about this complaint, so I was not able to respond to management about it. I believe I was terminated based on the fact that I became pregnant and informed HR that I would need a restriction form.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: June 23, 2016
Charging Party Signature: [signature] B. McLemore

NOTARY -- When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year): JUN 30 2016

RECEIVED
U.S. E[EOC]
Birmingham Dist[rict]

CP Enclosure with EEOC Form 5 (11/09)

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Brittany McLemore
442 Moses Dr.
Henagar, AL 35978

From: Birmingham District Office
Ridge Park Place
1130 22nd Street
Birmingham, AL 35205

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2016-02719 | MICHAEL COCHRAN, Investigator | (205) 212-2114 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Delner Franklin-Thomas,
District Director

JAN 10 2017
(Date Mailed)

Enclosures(s)

cc: RTI
c/o John J. Coleman III, Esquire
Burr Forman
420 North 20th Street, Suite 3400
Birmingham, AL 35203

D. Brice Johnson, Esquire
HIGGS & EMERSON
Attorneys at Law
405 Franklin Street
Huntsville, AL 35801-4256

PLAINTIFF'S EXHIBIT 2

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*